[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT PRIME BANK'S MOTION TO STRIKE
The defendant requests an articulation of decision and asserts this is required because more than one ground was asserted in the motion to strike the CUTPA count of the complaint.
The court at the conclusion of the motion in handwritten form did articulate its reasons for denying the motion to strike which perhaps was not sent to counsel. The court will now in more formal form address the issues raised in the motion to strike by repeating what it wrote at the end of the defendant's motion. First, it should be noted that three grounds were raised in the motion: (1) the alleged unfair transactions arose solely in the context of a single transaction involving one person not even CT Page 9119 alleged to be a customer of the bank; (2) there is no allegation that Prime Bank's alleged actions constitute or evidence a pattern and practice of engaging in unfair business practices or that the actions furthered its business; and (3) to the extent that the allegations are interpreted as raising issues concerning the purchase or sale of securities, it may be said that CUTPA does not govern the purchase or sale of securities.
On May 29, 1999, the court wrote that:
 "A single act can constitute a CUTPA violation. Daddona v. Liberty Mutual, 209 Conn. 243, 257 (1988); Lembo v. Schlessinger, 15 Conn. App. 150, 154 (1988); Glenport Main Corp. v. Covelluzzi, 13 CLT #38, pp. 908-929. The question really is whether the transaction alleged is one made by a person or company engaged in the business of making such transactions. McCarthy v. Fingelly, 4 CLR 177 (1991); Larson Skiber v. C C Package Store, CV93 530707 (1993). On a motion to strike, the pleadings of the non-moving party must be given that reading which is most favorable. Amodio v. Cunningham, 182 Conn. 80, 82 (1980). A fair reading of the complaint indicates Prime Bank certainly is in the business of issuing shares of common stock and registering and re-registering them. Its alleged failure to do so is why we have a case.
 Russell v. Dean Witter Reynolds, Inc., does not apply. There is was held that CUTPA doesn't apply to protect a `buyer who has suffered injury because of allegedly deceptive sales practices by someone who offers or sells a security.' Id., p. 176. The court held § 36-498 provides a remedy for such a situation. That is not what is involved here. § 36-498 provides no remedy so CUTPA is applicable or at least is not made inapplicable by Reynolds."
In addition to those earlier comments, the court will add that, although cited by the defendant, Mead v. Burns,199 Conn. 651 (1986) is of no help to the defendant in its contention that CUTPA does not apply to actions which arise solely in the context of a single transaction. In that case, the court was addressing the relationship between CUTPA and our Unfair Insurance Practices Act and held only that the definition of unacceptable insurer conduct in the Unfair Insurance Practices Act reflects a legislative determination that isolated instances of insurance CT Page 9120 settlement practices are not so violative of the public policy of this state as to permit a CUTPA cause of action. Id., p. 166.Mead did not lay down any general bar to CUTPA actions for single transactions claimed to be unfair apart from whether they involve claims against insurance companies.
Finally, the court does not accept the notion that the plaintiff here is not the "customer" of Prime Bank and the claim that there is no allegation that the defendant's actions served its own business purposes. Properly registering its stock or the failure to do so as alleged is certainly part of the business activity of a company like the defendant. The defendant's reliance on Haynes v. Yale New Haven Hospital, 243 Conn. 17
(1997) does not aid any argument along these lines. That case held for public policy reasons the practice of law and medicine would be subject to CUTPA only insofar as the actions of professionals engaged in those fields involved the entrepreneurial or commercial aspects of those professions. No similar policy concerns have anything to do with this case.
These were the reasons why the court granted the motion to strike.
Corradino, J.